| | |
|---|---|
| JAMES G. GILLILAND, JR. (SBN 107988) | WILLIAM E. MOSLEY (SBN 280495) |
| jgilliland@kilpatricktownsend.com | wmosley@kilpatricktownsend.com |
| MAUREEN A. SHEEHY (SBN 129859) | MATTHEW J. MEYER (SBN 284578) |
| msheehy@kilpatricktownsend.com | mmeyer@kilpatricktownsend.com |
| BENJAMIN KLEINMAN-GREEN (SBN 261846) | SCOTT KOLASSA (SBN 294732) |
| bkleinman-green@kilpatricktownsend.com | skolassa@kilpatricktownsend.com |
| KILPATRICK TOWNSEND & STOCKTON LLP | KILPATRICK TOWNSEND & STOCKTON LLP |
| Two Embarcadero Center, 8th Floor | 1080 Marsh Road |
| San Francisco, CA 94111 | Menlo Park, CA 94025 |
| Telephone: (415) 576-0200 | Telephone: (650) 326-2400 |
| Facsimile: (415) 576-0300 | Facsimile: (650) 326-2422 |
| | |
| OSHA NEUMANN (SBN 127215) | PATRICIA E. WALL (SBN 142476) |
| oshaneumann@gmail.com | pwall@homelessactioncenter.org |
| ELISA DELLA-PIANA (SBN 226462) | DAVID P. WAGGONER (SBN 242519) |
| edellapiana@ebclc.org | dwaggoner@homelessactioncenter.org |
| CHRISTOPHER A. DOUGLAS (SBN 239556) | RON S. HOCHBAUM (SBN 282344) |
| cdouglas@ebclc.org | rhochbaum@homelessactioncenter.org |
| EAST BAY COMMUNITY LAW CENTER | HOMELESS ACTION CENTER |
| 3130 Shattuck Avenue | 3126 Shattuck Avenue |
| Berkeley, CA 94705 | Berkeley, CA 94705 |
| Telephone: (510) 269-6615 | Telephone: (510) 540-0878 |
| Facsimile: (510) 849-1536 | Facsimile: (510) 540-0403 |

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE CODY; PATRICIA MOORE; ROBERT WHARTON; APRIL ANTHONY; LARRY CABRERA; JOSEPH ROSE; STEPHANIE RINGSTAD; ALEXANDER WILSON; TAMARA ROBINSON; PHILLIP LEWIS; AMBER WHITSON; BOB ANDERSON; CHESTER HILL; DANIELLE EVANS; DAVID JUSTUS; DONALD BOWEN; GLENN BACHELDER; JOSEPH WALTER, JR.; MARC MATTONEN; MICHAEL NELSON; THOMAS BARNETT; GARY AMAR; JAMES BAILEY; KRISTOPHER SULLIVAN; LEWANDA PARNELL; ANTHONY BEAMON; ZUBER AWAD; CHRIS DUNCAN; JERMAIN COLEMAN; and ALBANY HOUSING ADVOCATES, a California non-profit public benefit corporation,<br><br>          Plaintiffs,<br>  v.<br><br>CITY OF ALBANY; ALBANY POLICE DEPARTMENT; and MIKE MCQUISTON, in his official capacity as Chief of Police,<br><br>          Defendants. | **CASE NO. 3:13-CV-5270-CRB**<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED[ ORDER** |



1    In accordance with Fed. R. Civ. P. 26(f), Local Rule 16-9, the Standing Order for All
2 Judges of the Northern District of California, and the Court's Order dated November 13, 2013, the
3 Parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT
4 STATEMENT & PROPOSED ORDER.

5    **1.    Jurisdiction and Service:**

6    Plaintiffs filed this action for declaratory and injunctive relief against Defendants on
7 November 13, 2013. No parties remain to be served and the parties do not dispute venue or
8 personal jurisdiction.

9    *Plaintiffs' Statement:*

10   Plaintiffs assert that the Court has subject matter jurisdiction pursuant to 28 U.S.C.
11 §§1331, 1343(a)(3) and (4) and 1367. Plaintiffs have alleged violation of rights established under
12 the United States Constitution as well as federal law and have brought this action under 42 U.S.C.
13 § 1983. Plaintiffs further assert that their state constitutional and state law claims are within the
14 Court's supplemental jurisdiction. Plaintiffs also assert that this Court has jurisdiction over the
15 claims for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and
16 2202.

17   *Defendants' Statement:*

18    Plaintiffs' claims for denial of modifications of the City of Albany's ("City") Waterfront
19 Transition Plan and other "as applied" claims related to the City's No-Camping Ordinance are not
20 ripe because the City is still evaluating Plaintiffs' requests for modifications related to the plan and
21 has agreed to refrain from enforcing the no camping provisions while modifications are
22 considered. The City anticipates final decisions on modifications relatively soon and, thus, opted
23 not to respond to the First Amended Complaint with a motion to dismissal of on ripeness grounds.

24   **2.    Brief Description of Facts:**

25   *Plaintiffs' Statement:*

26   For nearly two decades, the 40 acre tip of a former landfill in Albany, known as "the Bulb,"
27 has served as home to numerous homeless people, including the individual Plaintiffs, many of
28 whom are disabled. On May 6, 2013, the Albany City Council voted to abandon its prior policy of



1. allowing and/or encouraging homeless individuals to reside at the Bulb and, instead, to begin
2. enforcement of the City's no camping ordinance, Section 8-4 of the Albany Municipal Code
3. ("Section 8-4"), beginning October 2013. On October 21, 2013, the Albany City Council adopted a
4. staff proposal to implement the "Albany Waterfront Park Transition Plan" ("Transition Plan")
5. which included "Assistance to the Homeless, including housing-centered outreach, transitional
6. services, support, and shelter." The Transition Plan specifically provided for the establishment of
7. two portable trailers with bunk beds to serve as a "Transitional Shelter" for the homeless individuals
8. residing on the Bulb. The City did not consider the need to accommodate the mental and physical
9. disabilities of Bulb residents in designing the Transition Plan. At a hearing before this Court on
10. November 13, 2013, Plaintiffs' counsel advised the Court that disabled Bulb residents, including the
11. disabled Plaintiffs, would be submitting individual Requests for Reasonable Accommodation to the
12. City. Subsequent to the hearing, 32 disabled Bulb residents submitted requests for
13. accommodations. Each was accompanied by a verification by a health professional. On December
14. 20, 2013, Defendants agreed to refrain from removing shelters, seizing personal property, or issuing
15. further citations until after final determinations are made on the pending accommodation requests
16. from the disabled Plaintiffs. The City has tentatively denied all the requests for accommodation. A
17. meeting between the Albany City Manager and the psychologist who verified most of the requests
18. for accommodation has been scheduled for February 10, 2014.
19. *Defendants' Statement:*
20. The declaration of City's Police Chief Mike McQuiston [Doc. 45], filed concurrently with
21. the City's brief in opposition [Doc. 43] ("TRO Opposition") to Plaintiffs' temporary restraining
22. order motion [Doc. 3] ("TRO Motion"), provides background on "the Bulb." Notably, there are
23. numerous health and safety concerns with respect to persons living at the Bulb, which are well-
24. documented not only by the City [Doc. 43], but also other regulatory agencies, including Alameda
25. County and the California Regional Water Quality Control Board [ Doc. 44]. After considering
26. several options to address the situation, the City Council directed staff to begin enforcing the City's
27. No-Camping Ordinance at the Bulb in May 2013. [Doc. 37, Exh. 5.]
28. To allow appropriate time for the individuals to transition off the Bulb, the City Council



1  directed staff to delay enforcement until October of 2013. [Doc. 37, Exh. 5.] In September 2013,
2  shortly before enforcement was set to begin, Plaintiffs' counsel requested that the City delay
3  enforcement and further develop its transition enforcement plan. [Doc. 46, Exh. B.] Counsel's
4  primary concern was an alleged lack of transitional housing for homeless at the Bulb. [*Id*.] In
5  response, the City delayed enforcement of the no-camping provisions well beyond October 1, 2013
6  and continues to refrain from enforcing Plaintiffs. In mid-October, City staff outlined a transition
7  plan tailored to meet Plaintiffs' concerns. [Doc. 46, Exh. C; Doc. 43, Section II.] Plaintiffs'
8  counsel stated its appreciated for the demonstrable thought and resources put into the City's plan.
9  After considering an alternative proposal from Plaintiffs' counsel, the City Council adopted City
10 staff's Waterfront Transition Plan. [Doc. 46, Exh. C; Doc. 37, Exh. 17.]

11 On November 13, 2013, Albany Housing Advocates and 10 individual plaintiffs filed a
12 complaint [Doc. 1] and a TRO Motion [Doc. 3.] claiming that the City's enforcement of its No-
13 Camping Ordinance, and the Waterfront Transition Plan (including, offering Temporary Transition
14 Shelter), violated Plaintiffs' constitutional and statutory rights. On November 18, 2013, this Court
15 denied Plaintiffs' TRO Motion, explaining, "[t]he Court, having thoroughly reviewed the papers
16 and declarations, and having considered the arguments made at hearing finds that Plaintiffs have
17 failed to establish likelihood of success on the merits."

18 On December 12, 2013, Plaintiffs' counsel submitted 32 requests for modifications related
19 to the Waterfront Transition Plan. The City is still in the process of considering the applications
20 and has agreed to refrain from enforcing its no-camping provisions against the applicants pending
21 decisions on the modifications. Plaintiffs filed a First Amended Complaint on December 16, 2013,
22 which dropped their cruel and unusual punishment claim, added a fair housing claim, and added 19
23 plaintiffs. [Doc. 52.] Defendants answered on January 20, 2014. [Doc. 53.]

24 **3.     Legal Issues:**
25 The issues presented in this case are:
26 (1) whether Title II of the Americans with Disabilities Act, and related state statutes,
27      requires the City to make modifications in its Waterfront Transition Plan to avoid
28      discrimination against Plaintiffs on the basis of disability;



JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. CASE NO. 3:13-CV-5270-CRB                                               - 4 -

1  (2) whether Defendants are required, under the Fair Housing Act and/or California's
2      Fair Employment and Housing Act, to provide reasonable accommodations for any
3      or all disabled Plaintiffs;
4  (3) whether Defendants' plan to enforce Section 8-4 without providing shelter, other
5      than the Transitional Shelter, threatens Plaintiffs' liberty interest, protected under
6      the substantive due process clause of the 14th Amendment of the U.S. Constitution
7      and Article 1, § 7 of the California Constitution, by placing them in a situation of
8      known danger with deliberate indifference to their safety;
9  (4) whether Defendants' enforcement of Section 8-4 has resulted in and/or will
10     continue to result in the unreasonable seizure of Plaintiffs' property in violation of
11     the 4th Amendment of the U.S. Constitution.
12 (5) whether destruction of Plaintiffs' property without a pre-deprivation or post-
13     deprivation hearing violates Plaintiffs' right to due process of law under the 14th
14     Amendment of the U.S. Constitution and Article 1, § 7 of the California
15     Constitution;
16 (6) whether Defendants' actions have violated Plaintiffs' right to privacy, guaranteed
17     by Article 1, § 1 of the California Constitution and the First, Third, Fourth, Fifth
18     and Ninth Amendments of the U.S. Constitution;
19 (7) whether Plaintiffs' claims are barred in whole or in part by the defenses advanced
20     by Defendants;
21 (8) whether or not Plaintiffs are entitled to a permanent injunction against further
22     action by Defendants.

**4.     Motions:**

Plaintiffs filed a motion for a Temporary Restraining Order on November 13, 2013. The Court denied the motion on November 18, 2013. There are no pending motions..

**5.     Amendment of Pleadings:**

Plaintiffs amended their complaint on December 16, 2013. Defendants filed their Answer to the First Amended Complaint on January 20, 2014. The Parties reserve the right to further



1  amend pleadings as permitted by the Court and the Federal Rules of Civil Procedure.

2  **6. Evidence Preservation:**

3  The Parties confirm that they have reviewed the Guidelines Relating to the Discovery of
4  Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f)
5  regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues
6  reasonably evident in this action.

7  **7. Disclosures:**

8  The parties intend to make their respective initial disclosures as required by Fed. R. Civ. P.
9  26(a)(1) no later than February 7, 2014.

10  **8. Discovery:**

11  **a. Discovery Taken to Date and the Scope of Anticipated Discovery**

12  The parties conducted their Rule 26(f) conference beginning on January 24, 2014. To date,
13  neither party has propounded discovery in this matter.

14  *Plaintiffs' Statement:*

15  Plaintiffs anticipate that the scope of discovery it will seek from Defendants will include
16  the Defendants' plans for enforcement of Section 8-4 and the formulation of those plans,
17  Defendants' enforcement of Section 8-4, documents regarding the development and
18  implementation of the Transition Plan and previous efforts by the City to evict Bulb residents,
19  studies regarding the Bulb population, Defendants' contracts with Transition Plan providers,
20  Defendants' efforts to find/subsidize alternative housing for Bulb residents, communications
21  between Defendants and third parties regarding the Bulb, Bulb residents, enforcement of Section
22  8-4, or the Transition Plan (including but not limited to communications with mental health
23  service providers, medical professionals, Transition Plan providers, public health, planning,
24  county staff, city of Berkeley staff, social services staff, County Behavioral Healthcare staff, staff
25  at Everyonehome, members of the public, and any and all communications between Defendants
26  and third parties regarding evicting Plaintiffs from the Bulb).

27  *Defendants' Statement:*

28  Defendants anticipate seeking discovery from Plaintiffs for evidence supporting Plaintiffs'



1  claims, including claims that the Waterfront Transition Plan, and specifically, the Temporary
2  Transitional Shelter, violates Plaintiffs' rights under the Americans with Disabilities Act and
3  related state laws; Defendants have engaged in a pattern of discriminatory housing practices
4  against people with disabilities and discriminated against Plaintiffs by offering the Temporary
5  Transitional Shelter; the Waterfront Transition Plan exposes Plaintiffs to dangerous conditions
6  with deliberate indifference to that danger; administrative procedures related to the Waterfront
7  Transition Plan violate Plaintiffs' constitutional rights; the Albany Municipal Code § 8-4.4 invites
8  selective enforcement and is unconstitutionally vague; and that Plaintiffs have rights to privacy in
9  their "homes" and "private dwellings" created on the Bulb "at the City's direction" and that the
10 Waterfront Transition Plan conditions the receipt of benefits on Plaintiffs' waiver of those rights.

**b. Proposed Limitations or Modifications of the Discovery Rules**

*Joint Proposals:*

The Parties jointly propose that following the Fed.R.Civ.P. 26(a)(3) identification of documents and other items to be offered as exhibits at the trial, (other than solely for impeachment or rebuttal), the parties shall have 5 days to object to the authenticity of each identified document or other item.  If no objection to authenticity is made during that timeframe, any such objections will be deemed waived.  If an objection to authenticity is made, the parties shall meet and confer within 5 days after the objection to attempt to resolve the objection without involving the Court. If the objection is resolved, the parties shall stipulate to the authenticity of the document.

*Plaintiffs' Proposal:*

Plaintiffs propose limiting the number of Requests for Admission that each side (Plaintiffs, collectively, and Defendants, collectively,) may ask, without leave of the court, to 50.

Plaintiffs propose limiting the number of Interrogatories that each side may ask, without leave of the Court, to 25 and propose that all Interrogatories direct to Bulb resident plaintiffs must be common interrogatories.

*Defendants' Proposal:*

Defendants do not agree at this time to limit the scope of discovery as proposed by Plaintiffs. The First Amended Complaint added 19 individual plaintiffs to the original 10.  There



JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. CASE NO. 3:13-CV-5270-CRB                                                                                  - 7 -

1  are 32 pending requests for modifications to Waterfront Transition Plan. Plaintiffs' proposal to

2  limit the number of Requests for Admissions to 50, and the number of Interrogatories to 25 for

3  each side would unreasonably limit Defendants to less than 2 requests for admissions and less than

4  one interrogatories per named plaintiff. Additionally, the proposal to limit the scope of discovery

5  is premature, given that the Plaintiffs' requests for modification are still under consideration.

6  **c.  Consideration of Stipulated E-Discovery Order**

7  The parties have reviewed the ESI Guidelines and Checklist as required. The parties will

8  consider stipulating to a separate E-Discovery Order.

9  **d.  Proposed Discovery Plan**

10  If necessary, the parties will work together to prepare a proposed protective order based on

11  this Court's model.

12  As set forth in Section 17 below, the parties agree that fact discovery should be completed

13  by September 12, 2014.

14  **Plaintiffs' Proposal:**

15  Plaintiffs propose that the parties not be required to log privileged communications dated

16  on or after September 24, 2013 – the date of Plaintiffs' initial demand letter to the City of Albany.

17  **Defendants' Proposal:**

18  The parties should be required to log privileged communications dated up to December 16,

19  2013—the date of Plaintiffs' operative complaint, which added 19 new plaintiffs.

20  **e.  Discovery Matters in Dispute**

21  At present, there are no discovery matters in dispute.

22  **9.  Class Actions:**

23  Inapplicable.

24  **10.  Related Cases:**

25  Although it is not a related case under Civil L.R. 3-12, the Parties note that Plaintiffs

26  Albany Housing Advocates and Amber Whitson and Defendant City of Albany are engaged in a

27  litigation filed in the Superior Court of the State of California, County of Alameda and assigned

28  Case No. RG13697761. That litigation involves alleged violations of California's Housing



1  Element Law as set forth in Cal. Gov. Code, Title 7, Div. 1, Ch. 3, Article 10.6 (Gov. Code §§

2  65580 *et seq.*).

3  **11. Relief:**

4  **a. Plaintiffs Seek the Following Relief:**

5  Plaintiffs seek the injunctive relief described in their First Amended Complaint (Dkt No.

6  52) which Plaintiffs hereby incorporate by reference.  Additionally, Plaintiffs seek damages in the

7  form of costs incurred in this lawsuit pursuant to 28 U.S.C. § 1920 and 42 U.S.C. § 1988, as well

8  as any appropriate provisions of California law Plaintiffs' reasonable attorney's fees, pursuant to

9  42 U.S.C. § 1988, and analogous provisions of California law.  Plaintiffs also seek any relief that

10 this Court deems just and proper.

11 **b. Defendants Seek the Following Relief:**

12   1) That Plaintiffs take nothing by their First Amended Complaint;

13   2) That Defendants be awarded their costs of suit, including reasonable attorneys'

14      fees;

15   3) That the Court orders such other and further relief as it deems just and proper.

16 **12. Settlement and ADR:**

17 The parties have engaged and continue to engage in discussions directed towards resolving

18 this action.  The parties have reviewed the ADR procedures in ADR L.R. 3-5 and have filed their

19 ADR Certifications.  The parties filed a Notice of Need for ADR Telephone Conference on

20 January 29, 2014, and participated in the telephone conference on February 6, 2014.

21 **13. Consent to Magistrate Judge For All Purposes:**

22 In order to present their request for a Temporary Restraining Order, Plaintiffs filed their

23 Declination to Proceed before a Magistrate Judge on November 13, 2013.

24 **14. Other References:**

25 The Parties agree that this case is not suitable for reference to binding arbitration, a special

26 master, or the Judicial Panel on Multidistrict Litigation.

27 **15. Narrowing of Issues:**

28 The Parties will seek to narrow the disputed legal issues through written discovery,



1  depositions, and motion practice.

2  **16.    Expedited Trial Procedure:**

3  Plaintiffs do not believe that this is the type of case that can be handled under the

4  Expedited Trial Procedure of General Order No. 64.

5  **17.    Scheduling:**

6  The parties propose the following schedule:

| Event/Local Rule | Agreed Proposed Dates |
|---|---|
| Fact Discovery Cut-off | September 12, 2014 |
| Opening Expert Reports for which party bears the burden | November 7, 2014 |
| Rebuttal Expert Reports | December 5, 2014 |
| Expert Discovery Cut-off | January 2, 2015 |
| Last day to file dispositive motions | February 13, 2015 |
| Last day to file dispositive motion opposition briefs [Civil L.R. 7-3(a)] | February 27, 2015 |
| Last day to file dispositive motion reply brief [Civil L.R. 7-3(c)] | March 13, 2015 |
| Dispositive Motion Hearing [Civil L.R. 7-2] | March 27, 2015 |
| Last day to file Joint Pretrial Conference Statement, trial witness list and summary of proposed testimony, deposition and written discovery designations, jury instructions, admissibility stipulations, motions *in limine*, and trial exhibits/objections | May 8, 2015 |
| Last day to file responses to motions *in limine* | May 22, 2015 |
| Pretrial Conference | June 5, 2015 |
| Trial | July 2015, at the Court's convenience |

**18.    Trial:**

The Parties agree that the case will be tried to a jury. The expected length of trial is 7-10 days.

**19.    Disclosure of Non-party Interested Entities or Personal:**

The Parties have filed their Certification of Interested Entities or Persons required by Civil



JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. CASE NO. 3:13-CV-5270-CRB                                                                                - 10 -

1 | Local Rule 3-16.

2 | **20.** **Other matters:**

3 | The parties have not identified any other matters for discussion at the Case Management
4 | Conference.

6 | DATED: February 7, 2014          Respectfully submitted,

7 | KILPATRICK TOWNSEND & STOCKTON LLP

9 | By: */s/ Scott Kolassa*
    SCOTT KOLASSA
10 | Attorneys for Plaintiffs

11 | DATED: February 7, 2014          Respectfully submitted,

12 | RICHARDS, WATSON & GERSHON
     A Professional Corporation
13 | GREGORY W. STEPANICICH
     T. PETER PIERCE
14 | TOUSSAINT S. BAILEY

16 | By: */s/ Toussaint S. Bailey*
     TOUSSAINT S. BAILEY
17 | Attorneys for Defendants

19 | **FILER'S ATTESTATION**

20 | Pursuant to Civil Local Rule 5-1(i)(3), Scott Kolassa hereby attests that the concurrence in
21 | the filing of this document has been obtained from the other signatories, which shall serve in lieu
22 | of their signatures.

24 | DATED: February 7, 2014          Respectfully submitted,

25 | KILPATRICK TOWNSEND & STOCKTON LLP

26 | By: */s/ Scott Kolassa*
27 | SCOTT KOLASSA
     Attorneys for Plaintiffs



**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

UNITED STATES DISTRICT JUDGE

